## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## HOWARD JOHNSON COMPANY d/b/a Howard Johnson Distribution Center, Respondent.

No. 80–1775
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

July 16, 1981.

Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., for petitioner.

Richard A. Gaucher, Kevin B. Callanan, Braintree, Mass., Sam A. LeBlanc, III, D. Michael Dendy, New Orleans, La., for respondent.

Before AINSWORTH, GARZA and SAM D. JOHNSON, Circuit Judges.

1. The Board's decision and order is reported at 248 N.L.R.B. No. 45.

## PER CURIAM:

This case is before the Court on application of the National Labor Relations Board (the Board) pursuant to section 10(e) of the National Labor Relations Act, as amended, 29 U.S.C. § 151 *et seq.* for enforcement of its order issued against Howard Johnson Company, d/b/a Howard Johnson Distribution Center (the Company) on March 17, 1980.[1] The Board found on the General Counsel's motion for summary judgment that the Company had refused to bargain with the Dallas General Drivers, Warehousemen and Helpers Local 745 (the Union) in violation of section 8(a)(5) and (1) of the Act, and ordered the Company to bargain with the Union.

In opposition to the Board's petition for enforcement, the Company argues that the Regional Director failed to conduct a full investigation of the Company's objections to the underlying certification election, and that the Board abused its discretion in refusing to remand the case to the Regional Director for further investigation, thus rendering the certification invalid. Specifically, the Company argues that the Board agent investigating the Company's objections failed to interview two company witnesses—General Manager of Distributions Bowerfind and Distribution Center Manager Ken Schultz, and that the testimony of these witnesses would have supported the Company's allegations that the Union made false and misleading campaign statements to employees and coerced employees prior to the elections.

The Board based its refusal to remand the certification proceeding to the Director for further investigation on the ground that, even assuming that the alleged manner in which the investigation was conducted justified the Company's failure to present affidavits of Bowerfind and Schultz to the Board agent, the agent's conduct in no way precluded the Company from demonstrating *to the Board* that such testimony, if presented, would have supported its

objections. Consequently, the Board held that "regardless of the nature of the investigation here, the employer, in seeking to have the Board overrule a regional director's recommendation, was still required, under established Board policy, to supply *the Board* with specific evidence, tantamount to an offer of proof, which *prima facie* would warrant setting aside the election before the Board will direct a hearing or require the Regional Director to pursue the investigation further. Regency Electronics, Inc., 198 N.L.R.B. 627 (1972); Bufkor-Pelzner Division, Inc., 169 N.L.R.B. 998 (1968)" (emphasis in original).[2] Consequently, the Board concluded that the Company's exceptions were "insufficient to justify remanding this case since they do not specify the disagreement with the Regional Director's findings of fact and they do not provide any indication of what the employer's witnesses might testify to, were they permitted to testify, which would contradict the Regional Director's findings." (footnote omitted).

■ It is beyond peradventure that "the burden is on the employer to demonstrate that the election was not fairly conducted." *Contract Knitter, Inc. v. NLRB*, 545 F.2d 967, 971 (5th Cir. 1977). This burden is a heavy one, and the objecting party must present "specific evidence" which on its face would warrant setting aside the election. *NLRB v. Singleton Packing Corp.*, 418 F.2d 275, 280 (5th Cir. 1969), *cert. denied*, 400 U.S. 824, 91 S.Ct. 47, 27 L.Ed.2d 53. Examination of the record leads this Court to conclude that the Board did not abuse its discretion in refusing to remand the representation proceeding to the Regional Director for further investigation of the Company's objections in this case. First, it is significant to note that the Board agent did interview the witnesses that the Company designated in its formal objections as witnesses supporting its disagreement with the Regional Director's findings, and that neither Schultz nor Bowerfind was so designated by the Company. Even more significant is the fact that the Company failed to indicate how these management officials could have had personal knowledge of misrepresentations which were alleged to have been made to employees, and failed to indicate in even the most general terms what testimony those witnesses would have provided to contradict the Director's findings.[3] Inasmuch as the Company's exceptions failed to specify the disagreement with the Regional Director's findings, and failed to provide any indication of what the Company's witnesses might testify to, were they permitted to testify, the Board's adoption of the Regional Director's findings without further investigation of the Company's objections was not an abuse of discretion in this case, and consequently does not invalidate the certification.

We have examined the Company's remaining arguments and find them to be without merit. Consequently, the Board's application for enforcement of its order is granted.

ORDER ENFORCED.

---

**2.** Member Murphy dissented, based on her view that once an objecting party has alleged specific objectionable conduct and provided the names of witnesses "it [is] incumbent upon the Region to interview the individuals named by the Employer to determine the merits of the objections, and the failure of the Regional Director to have done that constitutes an abuse of discretion."

**3.** The Company's objections simply stated that the two management officials would give "testimony in excess of that given by the rank-and-file employees relating to the misrepresentations, and their testimony would have been in direct contradiction to the alleged facts cited in the Regional Director's report on Objection 2 raising crucial and important credibility issues."

*Electronic Components Corporation of North Carolina v. NLRB*, 546 F.2d 1088 (4th Cir. 1976), relied upon by the Company, is inapposite. In that case, the employer provided the investigating agent with specific information concerning the substance of the proffered witnesses' testimony, and, equally important, the agent failed to conduct any investigation whatsoever.